UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL R. JOHNSON,<br><br>     Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | **MEMORANDUM DECISION**<br><br>**AND ORDER**<br><br><br>2:17-CV-01312-DS |

Petitioner Darrell R. Johnson, pursuant to 28 U.S.C. § 2255, has filed a Motion to Vacate, Set Aside, or Correct his Sentence. The related criminal case is United States v. Johnson, 2:15cr128 DS. Mr. Johnson claims that his counsel was ineffective at sentencing because counsel failed to petition the court for a reduction of Mr. Johnson's sentence for the time that he was in state custody. He argues that because the State initially charged him with two firearm cases that are the underlying charges in his federal case, he should receive credit with the Bureau of Prisons for the time he served in state custody.

## I. LEGAL STANDARD

"[A] petitioner raising an ineffective assistance of counsel claim carries a 'heavy burden.'" *Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002). To establish ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*: 1) the defendant must show that his counsel's performance was deficient, and 2) the defendant must

demonstrate that the deficient performance prejudiced the defense so as "to deprive the

defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 667-

68 (1984). In order for Mr. Johnson to prevail on his motion, he must establish both prongs of

the *Strickland* test. *United States v. Carr*, 80 F.3d 413 (10th Cir. 1996).

To prove that counsel's performance was deficient, a defendant must show "that counsel

made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment." *Strickland* at 687. Furthermore, the defendant must show

that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. "[C]ounsel is

strongly presumed to have rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." *Id*. at 690.

"[T]he overriding question under the first prong of *Strickland* is whether, under all the

circumstances, counsel performed in an objectively unreasonable manner." *Bullock v. Carver*,

297 F.3d 1036, 1046 (10th Cir. 2002).

> Two presumptions inform our objective reasonableness inquiry. First, we always
> start the analysis that an attorney acted in an objectively reasonable manner and
> that an attorney's challenged conduct might have been part of a sound trial
> strategy. Second, where it is shown that a particular decision was, in fact, an
> adequately informed strategic choice, the presumption that the attorney's decision
> was objectively reasonable becomes "virtually unchallengeable."

*Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002).

"When reviewing an ineffective assistance of counsel claim, we must make every effort

'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id*. at

1052. "[I]nquiry into counsel's conversations with the defendant may be critical to a proper

assessment of counsel's investigation decisions, just as it may be critical to a proper assessment

of counsel's other litigation decisions." *Strickland* at 691.

To establish prejudice under *Strickland*, a defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id*. "[A] court need not determine whether counsel's performance

was deficient before examining the prejudice suffered by the defendant as a result of the alleged

deficiencies." *Id*. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of

lack of sufficient prejudice, . . . that course should be followed." *Id*.

## II. LEGAL ANALYSIS

Mr. Johnson asserts in his 2255 motion that he spent 281 days in state custody on the

"state gun offenses." ECF No. 1 at 10. The state record does not show this to be the case. Mr.

Johnson was initially charged in the Third District Court of Utah on February 10, 2015, for

possession of a dangerous weapon by a restricted person for conduct that occurred on February

9, 2015. *See* ECF No. 4-1 at 2. Mr. Johnson was also charged in the Third District Court of Utah

for possession of a dangerous weapon by a restricted person for conduct that occurred on

February 20, 2015. ECF No. 4-2 at 2. On February 23, 2015, Mr. Johnson was booked on

warrants issued in both of these state cases. On March 20, 2015, the State of Utah moved to

dismiss both of the state cases, which involved conduct for which Mr. Johnson was charged

federally in the underlying criminal case on March 11, 2015.

Mr. Johnson asserts that he was in custody continuously from the date of arrest to the date of sentencing. However, his time in state custody, for which he seeks credit for time served, only adds up to be a total of 25 days, and only nine of those days were served by Mr. Johnson between March 11, 2015 (the date he was indicted in this court) and March 20, 2015 (the date the two state cases were dismissed). Therefore, at issue here are only nine days of custody, not the 281 days that Mr. Johnson claims he served on the "state gun offenses." ECF No. 1 at 10.

As described above, in order to succeed on his 2255 motion, Mr. Johnson must demonstrate both that his counsel's performance was deficient and that the deficiency resulted in prejudice to Mr. Johnson. *Strickland* at 697. According to the Presentence Report, Mr. Johnson's Guideline Provisions were based upon a total offense level of 19, criminal history category VI, which created a guideline range of 63 to 78 months imprisonment. PSR ¶ 62. Counsel for Mr. Johnson negotiated a very favorable 11(c)(1)(C) agreement that recommended a sentence of 63 months imprisonment, the low end of the Guideline range, with the option to withdraw his plea if the Court did not sentence him to the 63-month agreed upon sentence. (Doc. 15 ¶12 (b)(2).) Mr. Johnson's counsel did not request credit for the nine days Mr. Johnson served in state custody for the gun charge he pleaded guilty to in this Court. This is not deficient performance, as it is an extremely minimal amount of time for counsel to consider in light of negotiating a sentence of 63 months. Therefore, Mr. Johnson cannot show that his counsel's performance was deficient. And even if the performance were somehow found to be deficient, a nine-day difference in a 63-month sentence, does not constitute prejudice.

## III. CONCLUSION

Based on the foregoing, the court finds that Mr. Johnson's counsel's performance was not deficient, and even if it were, there was no prejudice to Mr. Johnson. The motion is therefore DENIED.

**IT IS SO ORDERED.**

DATED this 9th day of August 2018.

BY THE COURT:

DAVID SAM
Senior Judge
United States District Court